455 A.2d 168

**COMMONWEALTH of Pennsylvania**

v.

**Luis P. DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1982.

Filed Jan. 21, 1983.

Joseph M. Budicak, Beaver, for appellant.

Edward J. Tocci, District Attorney, Beaver, for Commonwealth, appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

BROSKY, Judge:

On June 20, 1980, appellant was convicted by a jury of theft by unlawful taking, receiving stolen property, criminal conspiracy and burglary. Post-trial motions were denied and this appeal followed. Appellant argues that the lower court erred in denying his trial attorney's motion to withdraw and in denying his motion for mistrial which was based on allegedly improper prosecutorial remarks. We agree that counsel should have been permitted to withdraw and, therefore, reverse and remand for new trial.[1]

---

1. Because we have determined that appellant is entitled to a new trial on these grounds, we need not and will not reach appellant's other argument.

Appellant and two codefendants were charged with having robbed Allan's Jewelry Store in Rochester, Pennsylvania, on January 17, 1980. Appellant and his codefendants, who faced the same charges he did, were all represented by the Public Defender's Office. Each defendant was represented by a different attorney from that office.

One of the codefendants, Richard Ross, entered a guilty plea to the conspiracy charge and it became evident at the preliminary hearing that he would testify for the Commonwealth against appellant and his codefendant, Richard W. Evans. Appellant's counsel then filed a motion to withdraw alleging that a conflict of interest arose from the Public Defender's dual representation of defendant Ross and the other codefendant. The motion was denied.

In an appeal brought by codefendant Evans, in which the issue before us was also raised, we found that the lower court erred in denying the motion to withdraw. That decision is dispositive of the case before us. See *Commonwealth v. Evans*, 306 Pa.Super. 25, 451 A.2d 1373 (1982). As was the case with *Evans*, appellant in the present case clearly had a defense inconsistent with that of codefendant Ross who testified in part, "[Davis] said it would only take thirty seconds to a minute, a minute to thirty seconds to rob it and get away." (N.T. 149) Ross also testified, "We drove back to Allen's Jewelry Store, stopped the car. Luis [Davis] got out. I let him out. We pulled up the street aways. Then that's when the place got robbed." (N.T. 147).

In *Evans, id.,* we found that appellant had demonstrated actual harm in the representation by the Public Defender of Ross and the other defendants. See *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), which held that to establish a violation of the Sixth Amendment rights, a defendant must show that an actual conflict exist-

ed and that the conflict adversely affected the lawyer's performance.[2]  See footnote 1, *Evans, supra.*

We must reach the same conclusion in the present case and therefore find error in the denial of counsel's motion.

Judgment of sentence reversed and case remanded for new trial.  This court does not retain jurisdiction.

CIRILLO, J., files dissenting statement.

CIRILLO, Judge, dissenting:

I respectfully dissent on the basis of my Dissenting Opinion in *Commonwealth v. Evans,* 306 Pa.Super. 25, 451 A.2d 1373 (1982).

---

**2.**  As in *Evans,* we need not determine whether *Cuyler* has changed the standard in Pennsylvania which heretofore has required a defendant to show only a showing of potential harm from dual representation.